IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ZACHARY WAYNE NEWBERRY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 21-CV-0030-JFH-CDL |
| | ) | |
| STATE OF OKLAHOMA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Petitioner Zachary Newberry, a federal prisoner appearing *pro se*,[1] commenced this action

on January 25, 2021, by filing a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus ("Petition")

[Dkt. No. 1]. Newberry, who is currently incarcerated in a federal prison in Oregon, brings this

action to challenge the judgment entered against him in the District Court of Tulsa County, Case

No. CF-2018-3662. Respondent filed a Motion to Dismiss Petition for Writ of Habeas Corpus as

Time-Barred and in the Alternative for Failure to Exhaust State Remedies ("Motion to Dismiss")

[Dkt. No. 6] and a Brief in Support of Motion ("Brief") [Dkt. No. 7], and Newberry filed a

Response in Opposition to the Motion to Dismiss ("Response to Motion to Dismiss") [Dkt. No.

9]. Newberry also filed a Motion for Appointment of Counsel ("Motion for Counsel") [Dkt. No.

5], and Respondent filed a Response in Opposition to the Motion for Counsel ("Response to

Motion for Counsel") [Dkt. No. 8]. For the reasons that follow, the Court GRANTS, in part, and

DENIES, in part, the Motion to Dismiss, DISMISSES the Petition, without prejudice, for failure

---

[1] Because Newberry appears without counsel, the Court must liberally construe his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the rule of liberal construction neither requires nor permits the Court to act as Newberry's advocate by crafting legal arguments on his behalf or by searching the record to find facts that may support his claims. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

to exhaust available state remedies, and DENIES AS MOOT the Motion for Counsel.

## I.

On August 22, 2018, the State of Oklahoma charged Newberry, in the District Court of Tulsa County, Case No. CF-2018-3662, with sexually abusing a child under the age of 12, in violation of Okla. Stat. tit. 21, § 843.5(F) (count one), possessing, procuring or manufacturing child pornography, in violation of Okla. Stat. tit. 21, § 1021.2 (count two), and possessing, procuring, manufacturing, selling or distributing child pornography, in violation of Okla. Stat. tit. 21, § 1021.2 (count three). [Dkt. No. 7-3, at 1-2.][2] Newberry pleaded guilty as to all three counts, without benefit of a plea agreement, on December 20, 2018. Dkt. No. 7-3, at 2. The trial court accepted Newberry's guilty plea on February 28, 2019, and sentenced Newberry to serve 40 years' imprisonment as to count one, 20 years' imprisonment as to count two, and 20 years' imprisonment as to count three, with all sentences to be served concurrently with each other and with the federal sentence imposed against Newberry in N.D. Okla. Case No. 18-CR-189-JED.[3] Dkt. No. 7-3, at 3; Dkt. No. 7-1, at 1-3. Newberry did not move to withdraw his plea within 10 days of sentencing and did not perfect a certiorari appeal in the Oklahoma Court of Criminal Appeals. Dkt. No. 1, at 2; Dkt. No. 7, at 8; Dkt. No. 7-3, at 3-5.

On September 23, 2019, Newberry filed "Defendant's Motion for Review; and/or Dismissal" in the state district court. Dkt. No. 7-4, at 1. In the motion, Newberry suggested his sentences were excessive and asked the state district court for the "dismissal of all remaining time

---

[2]  For consistency, the Court's citations refer to the CM/ECF header pagination.

[3]  In the federal case, Newberry was convicted of sexual exploitation of a child, in violation of 18 U.S.C. §§ 2251(a) and (e)(1), and was sentenced on February 25, 2019, to serve 360 months' imprisonment, with the sentence to run concurrently with his anticipated sentence in the Tulsa County case. Dkt. No. 7-2, at 1-2.

on his sentences." Dkt. No. 7-4, at 1-2.  Nothing in the record indicates that the state district court issued a ruling on this motion.  Dkt. No. 7-3, at 2-6; Dkt. No. 9, at 2.  Just over one year later, on September 28, 2020, Newberry filed a "Petition for Post-Conviction Relief Out of Time Based on Newly Discovered Facts" in the state district court.  Dkt. No. 7-5, at 1.  In the petition, Newberry claimed he was entitled to post-conviction relief because:  (1) he is Native American and the State of Oklahoma lacked jurisdiction to prosecute him for crimes he committed in "Indian Country;" (2) his sentences are "unfair," "overly harsh and cruel punishment;" (3) his trial counsel provided ineffective assistance; and (4) the prosecutor committed misconduct.[4]  Dkt. No. 7-5, at 2-3. Newberry stated in the petition that "typical time deadlines have expired" for seeking post-conviction relief, but asserted that the United States Supreme Court's decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), provided "newly discovered facts" for his claims.  Dkt. No. 7-5, at 3.  There is no indication in the record that the state district court issued a ruling on this petition.  Dkt. No. 7-3, at 5-6; Dkt. No. 9, at 2.

Newberry filed the Petition, seeking federal habeas relief from his state-court judgment, on January 25, 2021.  Dkt. No. 1, at 1.

**II.**

Newberry identifies four grounds for federal habeas relief.  First, he claims the State of Oklahoma lacked jurisdiction over his criminal prosecution, in light of *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), because he "is a member of the Modoc Tribe of Oklahoma, a federally

---

[4] On August 7, 2020, Newberry filed a handwritten motion seeking federal habeas relief, under 28 U.S.C. § 2254, on the same four grounds in N.D. Okla. Case No. 20-CV-0391-CVE-FHM. Dkt. No. 7-6.  The Court directed Newberry to file a habeas petition on the court-approved form and submit the requisite filing fee, on or before September 3, 2020, and dismissed the habeas action, without prejudice, on September 28, 2020, when Newberry failed to comply those directives.  Dkt. No. 7-7.

recognized Native American tribe" and "Oklahoma has no juristdiction [sic] over Native Americans on 'Indian land.'" Dkt. No. 1, at 5, 13.  Second, he claims the prosecutor's misconduct deprived him of his constitutional right to a fair trial.  Dkt. No. 1, at 7.  Third, he alleges that because hie is a Native American whose crime was committed on 'Indian Land,' [he] is actually innocent of having committed a state offense, as his crimes then fall into federal juristdiction [sic]." Dkt. No. 1, at 8.[5]  Fourth, Newberry alleges a violation of his Sixth Amendment right to the effective assistance of counsel, claiming his trial counsel performed deficiently and prejudicially by "refus[ing] to file motions, respond to letters or emails, advise Mr. Newberry of any defense to the charges against him, or even see him but a handful of times."  Dkt. No. 1, at 10.  Newberry admits in the Petition that he did not exhaust available state remedies as to any of these claims, but alleges he could not do so because he "is housed in a federal prison and has no access to state remedies."  Dkt. No. 1, at 5, 7, 9-10.  In the section of the Petition that asks about the timeliness of the petition, Newberry suggests that one or more of his claims relies on "[n]ewly discovered facts" arising from the Supreme Court's ruling in *McGirt*.  Dkt. No. 1, at 13.

Respondent seeks dismissal of the Petition, arguing that Newberry failed to file it within the applicable one-year statute of limitations, as provided in 28 U.S.C. § 2244(d)(1), and, in the alternative, that Newberry failed to exhaust available state remedies before filing the petition, as required by 28 U.S.C. § 2254(b)(1)(A).  Dkt. No. 7.

**III.**

Respondent first contends that the Petition should be dismissed as barred by the statute of limitations.  Under the Antiterrorism and Effective Death Penalty Act (AEDPA), state prisoners

---

[5]  In a prior order, the Court dismissed the Petition, in part, as to the claim asserted in ground three for failure to state a cognizable federal habeas claim.  Dkt. No. 3, at 2 n.1.

have one year from the latest of four triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1).  The limitation period generally commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Id.* § 2244(d)(1)(A).  Under some circumstances, the one-year limitation period may commence on later date.  *Id.* § 2244(d)(1)(B), (C), (D).  Regardless of which provision governs the commencement date, a state prisoner's one-year limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  *Id.* § 2244(d)(2).  But the statutory tolling provision applies only if the prisoner properly files an application for postconviction relief or other collateral review in state court within the applicable one-year limitation period.  *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).  In rare circumstances, the one-year limitation period may be tolled for equitable reasons.  *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).  In addition, a "credible" actual-innocence claim may allow a habeas petitioner to obtain review of cognizable habeas claims that may otherwise be subject to dismissal as untimely.  *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

Applying § 2244(d)(1)(A), Newberry's convictions became final on March 11, 2019, ten days after his sentencing hearing, when the time expired for Newberry to move to withdraw his guilty plea, the first and necessary step in seeking direct review of his convictions and sentences through a certiorari appeal.[6]  *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (explaining application of § 2244(d)(1)(A) when a petitioner does not seek direct review of the challenged state-court judgment); *Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012) (discussing appeal

---

[6] Newberry's 10-day statutory period to file a motion to withdraw plea ended on March 10, 2019. But because that day fell on a Sunday, Newberry had until March 11, 2019, to file the motion. *See* Fed. R. Civ. P. 6(a)(1)(C).

process in Oklahoma for defendants who plead guilty and noting that defendant must move to withdraw guilty plea if defendant intends to appeal).  Newberry's one-year limitation period commenced the next day, March 12, 2019, and expired one year later, on March 12, 2020.  *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011); *United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003).  Newberry did not file the Petition until January 25, 2021, almost one year after his one-year limitation period expired.  Thus, unless Newberry can benefit from statutory or equitable tolling, or show that a later commencement date applies as to one or more of his claims, it appears Respondent is correct that the Petition is untimely and should be dismissed.

Respondent contends that Newberry cannot benefit from statutory tolling for two reasons. First, Respondent argues that the motion Newberry filed on September 23, 2019, is not a motion for "collateral review" within the meaning of § 2244(d)(2) and, in any event, the motion was not properly filed in accordance with applicable state procedural rules.  Dkt. No. 7, at 10-15.  Second, Respondent argues that the petition Newberry filed on September 28, 2020, has no tolling effect because it was filed after his one-year limitation period expired.  Dkt. No. 7, at 15-16.  Respondent also addresses the possibility that Newberry's references to *McGirt*, "newly discovered facts," and "actual innocence" signify that Newberry is seeking application of a later commencement date for his one-year limitation period, under § 2244(d)(1)(C), or seeking equitable tolling of the one-year limitation period.  Dkt. 7, at 16-24.  And, Respondent argues, Newberry has not demonstrated either that a later commencement date applies or that his circumstances warrant equitable tolling or application of the "actual-innocence" exception.  Dkt. No. 7, at 16-24.  For his part, Newberry argues that he attempted to file timely post-conviction pleadings in state district court so that he could exhaust available state remedies, but neither the State nor the state district court has responded to his filings.  Dkt. No. 9, at 1-3.

On the record presented, the Court finds it unnecessary to resolve the parties' dispute over whether the Petition can or should be deemed timely because, as discussed next, Respondent's alternative argument for dismissal of the Petition provides a clearer path to the same destination.

**IV.**

Respondent next argues that the Petition must be dismissed because Newberry failed to exhaust available state remedies as to any claims raised in the Petition. The AEDPA requires state prisoners to "exhaust available state-court remedies before a federal court can consider a habeas corpus petition." *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006). The exhaustion requirement, codified at 28 U.S.C. § 2254(b)(1)(A), requires a state prisoner to "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This is so because "[s]tate courts, like federal courts, are obliged to enforce federal law." *Id.* at 844. "Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review his claim and provide any necessary relief." *Id*. To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845.

As previously stated, Newberry concedes that he did not exhaust available state remedies as to any of his claims. Dkt. No. 1, at 5, 7, 9-10; Dkt. No. 9, at 2-3. In the Petition and in the Response to the Motion to Dismiss, Newberry asserts that he cannot exhaust available state remedies because he is housed in a federal prison and therefore "has no access to state remedies." Dkt. No. 1, at 5, 7, 9-10; Dkt. No. 9, at 2-3. The Court is not persuaded. To be fair, the record supports Newberry's assertions that he sought post-conviction relief in state district court, twice,

and that both requests for relief are still pending.  Dkt. No. 7, at 26; Dkt. No. 7-3, at 2-6.  In some cases, a state prisoner can avoid the exhaustion requirement by showing either (1) that "there is an absence of available State corrective process" or (2) that "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B); *see also Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (noting that federal courts "will not excuse a failure to exhaust state remedies in a 28 U.S.C. § 2254 action unless it is affirmatively shown that resort to them would be useless").  As Respondent contends, Newberry first presented the claims he asserts in the Petition by filing a petition for post-conviction relief in state district court and, without more, taking that initial step does not satisfy the exhaustion requirement because Newberry has not presented his claims to the highest state court, i.e., the OCCA.  Dkt. No. 7, at 24-29.  Moreover, the record shows that Newberry filed that petition in state district court, and prosecuted this habeas action, while he was housed in federal prison in Oregon.  Dkt. No. 7-5, at 3; Dkt. No. 1, at 1.  These facts both undermine Newberry's assertion that he lacks access to state remedies and bolster Respondent's assertion that Newberry has not demonstrated any circumstances that would excuse his failure to exhaust available state remedies.  Because Newberry has not given Oklahoma courts "the first opportunity to review his claim[s] and provide any necessary relief," *O'Sullivan*, 526 U.S. at 844, "by invoking one complete round of the State's established appellate review process," *id.* at 845, the Court finds that even if Newberry's claims could be deemed timely, the Petition must be dismissed for failure to exhaust available state remedies.

## V.

Based on the foregoing, the Court concludes that Newberry failed to exhaust available state remedies before filing the Petition and that Newberry has not shown either that no remedies remain

available or "that resort to them would be useless," *Miranda*, 967 F.2d at 398.  Because it is clear that Newberry's claims are unexhausted, the Court grants Respondent's request to dismiss the Petition for failure to exhaust available state remedies and denies Respondent's request to dismiss the Petition as time-barred.  The Court therefore GRANTS, in part, and DENIES, in part, the Motion to Dismiss, and DISMISSES the Petition, without prejudice, for failure to exhaust available state remedies.  In addition, the Court DENIES a certificate of appealability because the Court finds that no reasonable jurists would debate the procedural dismissal of the Petition on exhaustion grounds.  28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Finally, in light of the dismissal of the Petition, the Court DENIES AS MOOT the Motion for Counsel.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. The Motion to Dismiss [Dkt. No. 6] is **GRANTED, in part, and DENIED, in part**.

2. The Petition [Dkt. No. 1] is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state remedies.

3. A certificate of appealability is **DENIED**.

4. The Motion for Counsel [Dkt. No. 5] is **DENIED AS MOOT**.

5. A separate judgment shall be entered in this matter.

    DATED this 6th day of May 2021.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

9